United States District Court
Southern District of Texas
**ENTERED**
June 02, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **HIDOLINA MORALES,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 5:26-CV-00804** |
| | § | |
| **WARDEN, CORECIVIC LAREDO** | § | |
| **PROCESSING CENTER,** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |

**ORDER**

Pending before the Court is a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 brought by *pro se* Petitioner Hidolina Morales ("Petitioner") on May 1, 2026. (Dkt. 1.) Petitioner challenges her detention by Immigration and Customs Enforcement (ICE) officials with the Department of Homeland Security (DHS). She argues in Counts I and III of her petition that her post-removal-order detention has become unconstitutionally prolonged in violation of the Immigration and Nationality Act (INA), the Fifth Amendment, and *Zadvydas v. Davis*, 533 U.S. 678 (2001). (*Id.* at 3–4.) Petitioner also raises a separate claim in Count II of her Petition, arguing that her procedural due process rights were violated when she received a removal order *in absentia* for failure to attend an immigration court hearing because she did not receive adequate notice of the hearing. (*Id.* at 3–4.) In response, Respondents filed a Motion for Summary Judgment, (Dkt. 8), on May 11, 2026, arguing that Petitioner's *Zadvydas* claim fails because she did not provide a good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future. (*Id.* at 2–4.)

1 / 3

The following day, Respondents informed the Court of their intent to effectuate Petitioner's removal and provided five days' notice per the Court's Order dated May 4, 2026, (Dkt. 4). Respondents subsequently submitted an advisory to the Court confirming that Petitioner was removed to Guatemala on May 19, 2026. (Dkt. 12.) "A case becomes moot only when it is impossible for a court to grant 'any effectual relief whatever' to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012) (quoting *City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000)) (citation modified). In the immigration context, the removal of a noncitizen who challenges only the duration of her post-removal-order detention will typically moot the case because the requested relief can no longer be effectuated by the court. *See Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988); *Odus v. Ashcroft*, 61 F. App'x 121 (5th Cir. 2003) (unpublished); *Sodipo v. U.S. Dep't of Just.*, 37 F.3d 629 (5th Cir. 1994) (unpublished); *Soliman v. United States*, 296 F.3d 1237, 1243 (11th Cir. 2002). However, there are exceptions to mootness when the noncitizen can show that she would suffer collateral consequences because of the challenged detention or when there is a possibility for the challenged detention to recur in the future. *See, e.g.*, *Umanzor v. Lambert*, 782 F.2d 1299, 1301 (5th Cir. 1986); *Rosales-Garcia v. Holland*, 322 F.3d 386, 395–97 (6th Cir. 2003).

Here, Petitioner was removed from the United States on May 19, 2026. (Dkt. 10, Attach. 1, 2.) In Counts I and III, Petitioner challenged her ongoing post-removal-order detention. (Dkt. 1 at 3–4.) Because Petitioner has now been released from confinement in DHS custody, her claims in Counts I and III are moot because there is no relief to be effectuated by the Court. If future detention does occur, Petitioner may file another habeas corpus petition asserting her claims at that time. As to Count II, this Court lacks jurisdiction to review the underlying merits of Petitioner's removal order under 8 U.S.C. § 1252(a)(5). *See, e.g.*, *Reyes v. Tate*, 2026 WL 1459046, at *1 (S.D.

Tex. May 5, 2026), *report and recommendation adopted*, 2026 WL 1458322 (S.D. Tex. May 21, 2026). Additionally, Petitioner, through counsel for her immigration proceedings, previously filed a Motion to Reopen the *in absentia* removal order which was denied by the Immigration Judge (IJ). (Dkt 8 at 2, Attach. 1 at 4–8.) Petitioner appealed the IJ's denial of the Motion to Reopen and the appeal was rejected by the Board of Immigration Appeals (BIA). (*Id.*, Attach 1 at 9–12.) Petitioner then submitted a waiver of her right to appeal through her counsel. (*Id.*, Attach 1 at 13–14.) As such, the Court cannot grant Petitioner the relief she seeks in Count II.

Accordingly, it is **ORDERED** that Petitioner's petition is **DISMISSED WITHOUT PREJUDICE**. The Clerk is hereby **DIRECTED** to terminate the case and all pending motions.

IT IS SO ORDERED.

SIGNED this June 1, 2026.

_____
Diana Saldaña
United States District Judge

3 / 3